UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:20 CR 470 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Rico Polk, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 113). For the following reasons, the motion is DENIED.

**Facts**

On March 8, 2022, defendant agreed to plead guilty with a binding Rule 11(c)(1)(C) plea agreement to Counts 1, 3, 4, 5, and 6 of the Indictment relating to drug and firearm charges.  Defendant agreed to a specific total sentence of 120 months, which was below the

1

mandatory sentence of 180 months had defendant been convicted of all counts. Paragraph 21 of the plea agreement states:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; and (b) a total sentence of imprisonment greater than 120 months. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 81). A sentencing hearing was held on June 29, 2022. This Court accepted the parties' binding Rule 11(c)(1)(C) plea agreement and imposed the 120 months sentence. Defendant did not file a notice of appeal, although he states that he instructed his counsel to do so.

This matter is now before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or

influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."*O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

### Discussion

Defendant sets forth five claims for relief: 1) defective Indictment, 2) violation of the criminal rules of procedure, 3) lack of jurisdiction, 4) ineffective assistance of counsel, and 5) actual innocence.

**(1) Grounds 1, 2, and 3**

Grounds 1, 2, and 3 raise challenges to the grand jury process used to obtain the Indictment. Pursuant to paragraph 21 of his plea agreement, set forth above, defendant waived these claims through appeal or a § 2255 proceeding. The claims do not fall into any of the four exceptions (punishment in excess of the statutory maximum; a prison sentence greater than 120 months; a claim of ineffective assistance of counsel; or a claim of prosecutorial misconduct) to waiver. "It is well-settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (citation omitted).  Nor did defendant raise any of these claims in a direct appeal, and § 2255 may not be used as a substitute for claims which could have been raised on appeal. *Gilbert v. U.S.,* 64 F.4th 763 (6th Cir. 2023) (A post-conviction proceeding is not a substitute for an appeal.)

**(2) Ground 4**

Defendant asserts that his attorney failed to object to improper application and calculation of the sentencing guidelines range, and failed to make an investigation in this case. This resulted in error of the appropriate sentencing guidelines, and a worse sentencing result for defendant.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

Defendant fails to establish ineffective assistance of counsel.  As the government points out, defendant's attorney provided competent and professional representation. He filed and fully litigated a suppression motion that required the government to call a number of witnesses and introduce exhibits at a suppression hearing. His attorney then negotiated a binding Rule11(c)(1)(C) plea agreement with the government for a total sentence of 120 months, which was 60 months lower than the minimum 180 month sentence defendant would have faced if convicted of all counts at trial. The guidelines computations in the plea agreement also matched the guidelines computations in the PSR. The Court accepted the

negotiated plea agreement, and still permitted defendant to self-report to the BOP. Defendant's attorney's representation was not deficient and there was no prejudice.

### (3) Ground 5

Defendant maintains that he is actually innocent of the defective charges. But, defendant fully admitted his guilt as part of his guilty plea, and there is no evidence to support defendant's claim for innocence

For these reasons, defendant's claims do not warrant relief.

### Conclusion

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is denied.

IT IS SO ORDERED.

Dated: 11/28/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge